**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DOUGLAS GLASCOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7107** |
| **STATE FARM FIRE & CASUALTY COMPANY** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Plaintiff Douglas Glascock ("Plaintiff") filed this insurance dispute action against Defendant State Farm Fire & Casualty Company ("State Farm") for alleged damage to his property following Hurricane Ida.[1] Before the Court is State Farm's Motion for Partial Summary Judgment.[2] State Farm argues that summary judgment should be granted on Plaintiff's bad faith claim because there is no evidence that Plaintiff submitted any proof of loss before August 28, 2023.[3] Plaintiff opposes the motion and argues that genuine issues of material fact are in dispute as to whether State Farm received sufficient proof of loss.[4] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

State Farm issued an insurance policy to Plaintiff, which provided certain coverages for a property located at 9 Oakley Drive, Hammond, Louisiana 70401.[5] Hurricane Ida struck the area

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 16.

[3] Rec. Doc. 16-1.

[4] Rec. Doc. 17.

[5] Rec. Doc. 1-2 at 28.

on August 29, 2021, and Plaintiff alleges the hurricane caused significant damage to the property.[6]

On August 28, 2023, Plaintiff filed suit against State Farm in the 21th Judicial District Court for

the Parish of Tangipahoa.[7] Plaintiff brings claims for breach of the insurance contract and for bad

faith insurance adjusting.[8]  State Farm removed the case to this Court on November 29, 2023.[9]

On March 6, 2025, State Farm filed the instant Motion for Partial Summary Judgment.[10]

On March 25, 2025, Plaintiff filed an opposition to the motion.[11] On March 28, 2025, State Farm

filed a reply brief in further support of the motion.[12]

## II. Parties' Arguments

### A.    *State Farm's Arguments in Support of the Motion*

State Farm argues Plaintiff's claim for bad faith penalties and attorney fees should be

dismissed because Plaintiff will not be able to prove that State Farm acted arbitrarily and

capriciously in its failure to tender payment upon receipt of written proof of loss.[13] According to

State Farm, the following facts are undisputed.[14] Plaintiff reported the claim electronically on

September 6, 2021.[15] An inspection occurred on October 4, 2021, and the inspector estimated

---

[6] *Id.*

[7] *Id.*

[8] *Id.* at 29–30.

[9] Rec. Doc. 1.

[10] Rec. Doc. 16.

[11] Rec. Doc. 17.

[12] Rec. Doc. 18.

[13] Rec. Doc. 16-1.

[14] *Id.* at 1.

[15] *Id.*

damage to the property to be below the policy deductible.[16] On October 5, 2021, the inspector discussed his findings with Plaintiff, and the inspector submitted a copy of the estimate to Plaintiff.[17] State Farm asserts that no additional contact was made until Plaintiff filed this suit on August 28, 2023.[18]

While Plaintiff's counsel did email an estimate to State Farm's counsel on November 6, 2023 based on inspection occurring after suit was filed, State Farm points out no supplemental pleading has been filed to bring the case up to date with events that have occurred since the filing of the original pleading.[19] State Farm cites caselaw holding that a bad faith claim arising out of this post-suit submission could not have been alleged in the Complaint.[20] As such, State Farm argues any post-suit submissions are not encompassed within the operative complaint, are irrelevant to this case, would not be admissible at trial, and cannot preclude summary judgment.[21]

State Farm submits that Plaintiff has no evidence any proof of loss or demand was ever submitted to State Farm on or before August 28, 2023.[22] Absent submission of sufficient proof of loss and demand, State Farm argues there can be no claim for bad faith encompassed within the current complaint.[23]

---

[16] *Id.*

[17] *Id.* at 1–2.

[18] *Id.* at 2.

[19] *Id.* at 5.

[20] *Id.* at 4–5.

[21] *Id.* at 5.

[22] *Id.* at 8.

[23] *Id.*

**B.    *Plaintiff's Arguments in Opposition to the Motion***

Plaintiff argues that State Farm's initial assessment of the property was inadequate and conducted in bad faith.[24] Plaintiff contends he will present an expert to testify that the damage to the home greatly exceeds the original estimate by State Farm's inspector.[25] In support of this assertion, Plaintiff relies on an affidavit of W. Ed Gardiner, a Chief Appraiser and Executive General Adjuster with Gardiner Appraisals & Consulting Services, LLC.[26] The affidavit states he inspected the property on August 29, 2023, and he has estimated damage to the property in the amount of $152,375.54.[27] Mr. Gardiner states that the damage "would have and should have been detectable on October 4, 2021."[28]

Plaintiff asserts there are genuine issues of material fact in dispute regarding whether sufficient proof of loss was provided to State Farm.[29] Plaintiff contends he provided electronic notice of the claim to State Farm on September 6, 2021, and he submits that the on-site inspection provided more than sufficient information for State Farm to act on the claim.[30] Plaintiff cites to caselaw finding that an inaccurate inspection is not a defense to a bad faith claim.[31] Plaintiff argues that the inadequate and unreasonable adjustment by State Farm does not satisfy its duty.[32]

---

[24] Rec. Doc. 17 at 2.

[25] *Id.* at 3.

[26] Rec. Doc. 17-2

[27] *Id.*

[28] *Id.*

[29] Rec. Doc. 17 at 3–4.

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.* at 6.

*C.* ***State Farm's Arguments in Further Support of its Argument***

In reply, State Farm points out that the only pre-suit events were Plaintiff's reporting of the claim and State Farm's inspection and preparation of an estimate.[33] According to State Farm, this, without more, cannot give rise to a bad faith claim.[34]

State Farm asserts the motion made Plaintiff aware that the Complaint is deficient.[35] Instead of seeking leave to file a supplemental pleading to correct the deficiency, State Farm suggests Plaintiff is attempting to expand the pleadings through his expert's affidavit.[36] State Farm argues that the affidavit is deficient because nothing in it supports the conclusion that Mr. Gardiner is qualified by education, training, experience, or otherwise to render an opinion on the issue of causation.[37] State Farm also argues the affidavit is deficient because Mr. Gardiner did not provide any explanation of facts relied upon and methodology used to arrive at any opinions.[38]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[39] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations

---

[33] Rec. Doc. 18 at 2.

[34] *Id.*

[35] *Id.* at 3.

[36] *Id.*

[37] *Id.* at 5.

[38] *Id.* at 6.

[39] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

or weighing the evidence."[40] All reasonable inferences are drawn in favor of the nonmoving

party.[41] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[42]

If the entire record "could not lead a rational trier of fact to find for the non-moving party," then

no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a

matter of law.[43] The nonmoving party may not rest upon the pleadings.[44] Instead, the nonmoving

party must identify specific facts in the record and articulate the precise manner in which that

evidence establishes a genuine issue for trial.[45]

The party seeking summary judgment always bears the initial responsibility of showing the

basis for its motion and identifying record evidence that demonstrates the absence of a genuine

issue of material fact.[46] "To satisfy this burden, the movant may either (1) submit evidentiary

documents that negate the existence of some material element of the opponent's claim or defense,

or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at

trial, demonstrate that the evidence in the record insufficiently supports an essential element of the

---

[40] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[41] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[42] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[43] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[44] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[45] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[46] *Celotex Corp.*, 477 U.S. at 323.

opponent's claim or defense."[47] If the moving party satisfies its initial burden, the burden shifts to

the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how

that evidence supports the nonmoving party's claims.[48] The nonmoving party must set forth

"specific facts showing the existence of a 'genuine' issue concerning every essential component

of its case."[49]

### IV. Analysis

State Farm moves for summary judgment dismissing Plaintiff's bad faith claims pursuant

to Louisiana Revised Statute §§ 22:1892 and 22:1973. Section 1892 is titled "Payment and

adjustment of claims, policies other than life and health and accident; personal vehicle damage

claims; extension of time to respond to claims during emergency or disaster; penalties; arson-

related claim suspension." That section provides in relevant part:

> All insurers issuing any type of contract ... shall pay the amount of any claim due
> any insured within thirty days after receipt of satisfactory proofs of loss from the
> insured or any party in interest. . . . Except in the case of catastrophic loss, the
> insurer shall initiate loss adjustment of a property damage claim within thirty days
> after notification of loss by the claimant. . . . All insurers shall make a written offer
> to settle any property damage claim, including third-party claim, within thirty days
> after receipt of satisfactory proof of loss of that claim. . . . [F]ailure to make such
> payment within thirty days after receipt of such satisfactory written proofs and
> demand therefor or failure to make a written offer to settle any property damage
> claim, including a third-party claim, within thirty days after receipt of satisfactory
> proofs of loss of that claim . . . when such failure is found to be arbitrary, capricious,
> or without probable cause, shall subject the insurer to a penalty, in addition to the
> amount of the loss. . . .[50]

Section 1973 is entitled "Good faith duty; claims settlement practices; causes of action;

---

[47] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[48] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[49] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[50] Louisiana Revised Statute § 22:1892.

penalties." It provides, in relevant part:

> An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. . . . Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
> . . .
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.[51]

"One who claims entitlement to penalties and attorney fees [under these statutes] has the burden of proving the insurer . . . was arbitrary, capricious, or without probable case."[52] The plaintiff must show that the insurer willfully refused to pay, and this refusal was not based on a good-faith defense.[53] If there is a reasonable and legitimate dispute regarding the extent of the insurance claim, the court should not infer bad faith from an insurer's failure to pay within the time limits provided by statute.[54]

"Proof of loss" is a vehicle meant to advise an insurer of the facts of the claim and often takes the form of an estimate of damages prepared on behalf of the insured.[55] A "satisfactory proof of loss" is that which is sufficient to fully apprise the insurer of the insured's claim.[56] There are no

---

[51] Louisiana Revised Statute § 22:1973.

[52] *Reed v. State Farm Mut. Auto. Ins. Co.,* 2003–0107 (La.10/21/03); 857 So.2d 1012, 1020.

[53] *Id.*

[54] *Id.*

[55] *Durkheimer v. Landry*, 2022-418 (La. App. 3 Cir. 5/10/23), 2023 WL 3371342.

[56] *Id.*

formal requirements regarding what constitutes proof of loss, for purposes of insurance bad faith.[57]

State Farm submits that Plaintiff has no evidence any proof of loss or demand was ever submitted to State Farm on or before August 28, 2023.[58] While Plaintiff's counsel did email an estimate to State Farm's counsel on November 6, 2023 based on inspection occurring after suit was filed, State Farm points out no supplemental pleading has been filed to bring the case up to date with events that have occurred since the filing of the original pleading.[59] State Farm relies on two cases decided by judges in the Eastern District of Louisiana to support this assertion.

In *Pursley v. Lawrence*, the plaintiff filed suit against his insurer, GEICO, for damages allegedly sustained in an automobile accident.[60] It was undisputed that the proof of loss submitted prior to filing suit did not fully apprise GEICO that the alleged tortfeasor was underinsured.[61] The district judge held that satisfactory proof of loss was not established until after suit was filed, and a bad faith could not have been alleged in the original complaint.[62] Therefore, the district court granted summary judgment in favor of GEICO, but the judge noted that the appropriate procedure would be for the plaintiff to amend the complaint.[63] Similarly, in *Koeppel v. Hartford Accident & Indemnity Co.*, the district court found, to the extent that the plaintiff argued satisfactory proof of causation would be presented to the insurer in the future, "[t]he appropriate procedure for a plaintiff to follow to bring a case up to date with events that have taken place since the filing of an original

---

[57] *Id.*

[58] Rec. Doc. 16-1 at 8.

[59] *Id.* at 5.

[60] *Pursley v. Lawrence*, No. 21-1776, 2022 WL 1288732, at *3 (E.D. La. Apr. 29, 2022).

[61] *Id.*

[62] *Id.*

[63] *Id.* at *4.

pleading is to file a supplemental pleading pursuant to [Rule 15(d)]."[64]

These cases are of limited value to this Court's analysis because Plaintiff argues the events giving rise to his bad faith claim all occurred pre-suit. Specifically, Plaintiff asserts State Farm had satisfactory proof of loss at the time of the initial inspection. The Louisiana Third Circuit Court of appeal has held that "'[a] personal inspection of an insured's property by an adjuster for the insurance company [] constitutes satisfactory proof of loss.'"[65] "The statutory timeline [for payment] starts from the initial inspection and not from any final report by the insurer."[66] The Louisiana Fourth Circuit Court of Appeal has observed:

> The insurer's duty under La. R.S. 22:1892 mandates more than merely sending an adjuster to the insured's property to take pictures and calculate numbers on less than all the damage. It would defeat the purpose of the statute to allow an inadequate and unreasonably low adjustment, done within the requisite time delays, to satisfy the insurer's obligation to the insured. Likewise, allowing a "readjustment" done approximately six months later to cure the original bad conduct without any penalty would be condoning the insurer's actions.[67]

Plaintiff reported the claim to State Farm electronically on September 6, 2021. An inspection occurred on October 4, 2021, and the inspector estimated damage to the property to be below the policy deductible. Plaintiff then filed suit against State Farm on August 28, 2023. The initial inspection can constitute a satisfactory proof of loss. Whether the original inspection was adequate is a question of fact that cannot be resolved on summary judgment.

Construing the evidence in a light most favorable to Plaintiff and drawing reasonable

---

[64] *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 396, 403 (E.D. La. 2022) (quoting *Pursley*, 2022 WL 1288732, at *4).

[65] *Com. Restoration Co., LLC v. Nanaki, LLC*, 2024-251 (La. App. 3 Cir. 12/30/24), *writ denied*, 2025-00146 (La. 4/15/25).

[66] *Id.* (citing *Aghighi v. La. Citizens Prop. Ins. Corp.*, 2012-1096, p. 4 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930, 933, *writ denied*, 13-1737 (La. 10/30/13), 124 So. 3d 1102).

[67] *Aghighi*, 119 So. 3d at 933.

inferences in his favor, the Court concludes that there are fact questions as to when State Farm received satisfactory proof of loss, and whether State Farm's alleged failure to pay the claim was "arbitrary, capricious, or without probable cause."[68] Whether and when the insurer received "satisfactory proof of loss" sufficient to trigger the payment periods is a question of fact.[69] "When the insured claims penalties for refusal to pay a claim timely, the inquiry usually focuses on whether the insurer acted reasonably in its adjustment of the claim based on the facts known or that should have been known by the insurer. Normally, the reasonableness of the insurer's claims handling will be a factual issue, and cases involving this issue will be fact specific."[70] For these reasons, it would be inappropriate to grant summary judgment on this issue.

### V. Conclusion

For the reasons discussed herein, the Court concludes that there are genuine issues of material fact remaining regarding when State Farm received satisfactory proof of loss, and whether State Farm's alleged failure to pay the claim was "arbitrary, capricious, or without probable cause."[71] Thus, partial summary judgment on Plaintiff's claims for extra-contractual damages for bad faith penalties is inappropriate.

Accordingly,

---

[68] *Reed*, 857 So .2d at 1020.

[69] 15 William Shelby McKenzie & H. Alston Johnson, III, La. Civ. L. Treatise: Insurance Law and Practice § 11:5 (4th ed. 2024) (citing *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985); *La Louisiane Bakery Co. Ltd. v. Lafayette Ins. Co.*, 61 So. 3d 17 (La. Ct. App. 5th Cir. 2011); *Iteld v. Four Corners Const., L.P.*, 133 So. 3d 312 (La. Ct. App. 4th Cir. 2014); *Lemoine v. Mike Munna, L.L.C.*, 148 So. 3d 205 (La. Ct. App. 1st Cir. 2014)).

[70] 15 William Shelby McKenzie & H. Alston Johnson, III, La. Civ. L. Treatise: Insurance Law and Practice § 11:15 (4th ed. 2024); *see also Goree v. Lincoln Parish Detention Center Com'n*, No. 09-745, 2010 WL 4295328, at *3 (W.D. La. Oct. 22, 2010) (citing *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 641 (5th Cir. 1985) (*rev'd on other grounds*)).

[71] *Reed*, 857 So. 2d at 1020.

**IT IS HEREBY ORDERED** that State Farm's Motion for Partial Summary Judgment[72]

is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 30th day of May, 2025.


_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 16.